Leslie I. Levine, J.
This matter is now before 'this court on respondents’ motion, brought on by order to ¡show cause, which seeks to vacate a default judgment heretofore entered against said respondents and to dismiss the petition herein or vacate the warrant of eviction.
Landlord’s summary proceeding was brought to recover possession of the subject premises for alleged nonpayment. In his petition landlord alleges the following amounts due: September, 1973, $30.00; October, 1973, $250.00; legal fees, $85.00; total, $365.00.
Bespondents allege, as a complete defense, payment and acceptance of the October, 1973 rent in the amount of $290. The papers before the court do not indicate that this allegation is controverted. The remaining salient issue is $65 of attorney’s fees allegedly due and owing to petitioner by respondents. May this action lie to recover possession predicated solely on the failure to pay attorney’s fees which are mandated by this leasehold agreement?
While there is authority to be found on both sides of the question, this court is of the view that landlord’s designation of legal fees in a leasehold agreement as additional rent is a pure fiction and this summary proceeding cannot be so predicated. Nothing in this decision shall prejudice the right of the *369 petitioner to proceed by w.ay of a plenary action to seek to recover such attorney’s fees. It should likewise be noted that circumstances could pertain which would be a severe aggravation of tenant’s breach and under ¡such aggravated conditions this or any other court could deem failure to pay as a violation of a substantial obligation of a lease warranting commencement of a holdover proceeding.
The default judgment is vacated as is the warrant in accord' with the foregoing.